# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAE SUNG HI TECH CO., LTD., a South Korean Limited Liability Company; and FIRST 2 MARKET PRODUCTS, LLC, an Ohio Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>D&B SALES, INC., a Nevada Based Corporation; DALE IRWIN, an individual resident of the State of Nevada; and BOBBI IRWIN, an individual resident of the State of Nevada,<br><br>Defendants. | Case No. 2:22-cv-00030-ART-BNW<br><br><br><br><br>**ORDER** |

Before the Court is Plaintiffs' motion seeking to extend the deadline for dispositive motions and the joint pretrial order deadline. ECF No. 43. Defendants' opposition is at ECF No. 49 and Plaintiffs' reply is at ECF No. 50. This Court finds that Plaintiffs have established good cause to extend the dispositive motion and joint pretrial order deadlines. Accordingly, the Court will grant Plaintiffs' motion.

**I. Legal Standard**

Rule 6(b) of the Federal Rules of Civil Procedure governs extensions of time. Under Rule 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The "good cause" standard is liberally construed to ensure that cases are tried on their merits, not technicalities. *See*

*Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010); *see also Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Deadlines must not be enforced mindlessly, of course.") Local Rule 26-3 sets additional requirements and provides that motions submitted within 21 days of the date they seek to change must show good cause. LR 26-3.

### II. Plaintiffs have established good cause to extend the dispositive motion deadline and the joint pretrial order deadline.

Here, Plaintiffs seek an extension of the July 10, 2023 deadline to file dispositive motions (ECF No. 43 at 8) and the August 9, 2023 joint pretrial order deadline (ECF No. 43-1 at 7). Plaintiffs filed their motion shortly before the deadline lapsed, which means they need only establish good cause for the extension. Fed. R. Civ. P. 6(b)(1)(A); LR 26-3.

The hearing date for Plaintiffs' Motion to Compel Defendants' Discovery Responses and For Sanctions is currently set for August 24, 2023, while the deadline for dispositive motions is set for July 10, 2023. Plaintiffs offer this scheduling issue as good cause for extension. Plaintiffs assert that they will not be able to sufficiently prepare for dispositive motions until after the Motion to Compel hearing. ECF. No. 43 at 3. They argue this extension would afford them the opportunity to review any of Defendants' compelled discovery responses, should the Court favorably decide their Motion to Compel. *Id.*

Defendants' opposition does not rebut Plaintiffs' showing of good cause. Instead, Defendants argue the instant motion is a "legal tactic" (ECF No. 49 at 2) and provide irrelevant arguments about day-long depositions. *Id.*

This Court, in its discretion, finds that Plaintiffs have established good cause for their requested extension. Therefore, the dispositive motions deadline will be extended to September 8, 2023, and the joint pretrial order deadline will be extended up to October 9, 2023.

///

///

///

///

///

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiffs' Emergency Motion for Extension of the Forthcoming Trial and Related Deadlines on order Shortening Time at ECF No. 43 is **GRANTED**. The deadline for dispositive motions is extended up to September 8, 2023, and the joint pretrial order deadline will be extended to October 9, 2023.

DATED: August 1, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE