**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Dae Sung Hi Tech Co., LTD, *et al.*, | Case No. 2:22-cv-00030-ART-BNW |
| Plaintiffs, | |
| v. | **Order** |
| D&B Sales, Inc., *et al.*, | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Compel Defendants' Discovery Responses and for Sanctions. ECF No. 33. Defendants opposed at ECF No. 37, and Plaintiffs replied at ECF No. 38.

The parties are familiar with the arguments. As a result, the Court only incorporates them as relevant to its Order.

## I.    <u>Applicable Law</u>

A propounding party may move for an order compelling an answer or production to a request for production if the responding party fails to produce documents or fails to respond as requested under Rules 33 and 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and 37(a)(3)(B)(iv). An evasive or incomplete answer or response is treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4).

Generally, a party who fails to make timely objections to a discovery request waives those objections. *See, e.g., Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (holding a party waived objection based on foreign secrecy laws because the party did not "raise the issue before the district court as an objection to [the other party's] discovery request"); *Gee v. Gallardo*, 2020 WL 2083018, at *2 (C.D. Cal. Mar. 5, 2020) ("Generally, when a party fails to timely and properly object to a discovery request, such objections are waived.") (quoting *In re Capital One Bank Credit Card Interest Rate Litig.*, 286 F.R.D. 676, 679 (N.D. Ga. 2012)).

1    If a motion to compel discovery responses is granted, "the court must, after giving an

2    opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the

3    party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred

4    in making the motion, including attorney's fees" unless: (i) the movant filed the motion before

5    making a good faith attempt to resolve the issue without court action; (ii) the opposing party acted

6    with substantial justification; or (iii) other circumstances make such an award unjust. Fed. R. Civ.

7    P. 37(a)(5)(A). If a motion to compel is granted in part and denied in part, the court may

8    apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C).

9    Local Rule 7-2(d) provides, as relevant here, that the failure of an opposing party to file

10   points and authorities in response to a motion constitutes a consent to the granting of the motion.

11   **II.    <u>Responses to Interrogatories and Requests for Production</u>**

12   On November 17, 2022, Plaintiffs propounded Interrogatories and Requests for

13   Production on Defendants. ECF No. 34 ¶ 3. Defendants failed to provide a timely response (and

14   also failed to request an extension).[1] *Id*. at ¶ 5.

15   On February 1, 2023, after Plaintiff conferred with Defendants regarding this matter,

16   Defendants emailed a combined response from all Defendants to Plaintiffs' Interrogatories and

17   Requests for Production.[2] ECF Nos. 33-2 and 33-3, ECF No. 34 ¶ 7.

18   On February 3, 22023, Plaintiffs sent a meet-and-confer letter to Defendants (1)

19   requesting individual responses from each Defendant as to the interrogatories and requests for

20   production, and (2) advising objections had been waived based on Defendants' failure to timely

21   respond. ECF No. 33-4, ECF No. 34 ¶ 8.

22   On February 14, 2023, the parties met and conferred. ECF No. 34 ¶ 9. That same day,

23   Plaintiffs emailed Defendants memorializing the agreements the parties made earlier that day.

---

[1] Defendants do not contest this assertion. Indeed, their attached exhibit demonstrates the response was not timely. ECF No. 37 Exhibit 1 at 16 and 29.
[2] The combined responses are attached to Defendants' response at ECF No. 37 Exhibit 1.

24
25
26
27
28

1    ECF No. 33-5. That email stated there had been an agreement that each Defendant would produce

2    individual responses to the Interrogatories and Requests for Production by February 28, 2023. *Id*.

3    Defendants failed to do so. ECF No. 34 ¶ 12.

4          Defendants do not take the position that any of the above facts are incorrectly stated.

5    Indeed, their response indicates it will "supplement answers to 'break out' for each party. ECF

6    No. 37 at 2. Nor do they argue against the notion that objections have been waived. Further, the

7    fact that Defendants provided a combined response to Interrogatories 6 and 15 (as shown in their

8    response) fails to (1) comply with Rules 33 and 34 and (2) respond to the rest of the arguments

9    made by Plaintiffs. *See* ECF No. 37 at 2.

10         Defendants are ordered to provide *individual* responses to Plaintiffs' propounded

11    interrogatories (with verifications) and requests for productions without objections. *See*, *e.g.,* LR

12    7-2(d), Fed. R. Civ. P. 37.

13    **III.**    **Supplemental Responses**

14         On February 3, 2023, Plaintiffs sent a meet-and-confer letter to Defendants requesting (1)

15    supplemental responses regarding how Defendants obtained the accused product in order to sell

16    it, and (2) requesting sales receipts for the sale of the accused product. ECF No. 33-4.

17         During the February 14, 2023 meet-and-confer, the parties agreed Defendants would

18    supplement: (1) Interrogatories 1, 3-4, and 9-14, (2) Requests for Production 2-30, and (3)

19    Requests for Admissions 4, 7, and 10.

20         The Court notes that these requests were informal in nature. A Rule 37 motion to compel

21    may not be used to enforce an "informal" request for discovery. *MAO-MSO Recovery, LLC v.*

22    *Mercury Gen.*, No. 17CV02525ABAFMX, 2019 WL 1423772 * 3 (C.D. Cal. Feb. 19, 2019). To

23    the extent Plaintiffs seek this Court to compel responses, the request is denied.

24    //

25    //

26

27                         Page 3 of 4

28

1  **IV.   Sanctions**

2        Defendants have not disputed any of the facts asserted regarding Section II above. In

3  addition, they do not address the issue of sanctions in any substantive way. There is no doubt that

4  Defendants failed to timely respond to the Interrogatories and Requests for Production

5  propounded on them. The Court does not find that Defendants acted with substantial justification

6  or that other circumstances make such an award unjust. As a result, the Court grants the request

7  for fees and apportions it as follows: Defendants will pay for 70% of the attorney fees in

8  connection with (a) the time spent to meet and confer on Defendants' failure to respond to

9  Plaintiffs' formal discovery requests, (b) preparing the Motion to Compel, (c) reviewing

10  Defendants' Response, and (d) preparing the Reply. Parties shall meet and confer as to reasonable

11  fees within 10 days of this Order. Fees will be due within 30 days of the meet and confer. Should

12  the parties not reach a resolution, Plaintiffs may file a motion for fees.

13  **V.   Conclusion**

14        **IT IS ORDERED** that Plaintiffs' Motion to Compel at ECF No. 33 is GRANTED in part

15  and DENIED in part consistent with this Order.

16        **IT IS FURTHER ORDERED** that the hearing set for September 1, 2023 is VACATED.

17

18        DATED: August 17, 2023

19                                                      _____
                                                        BRENDA WEKSLER
20                                                      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26                                        Page 4 of 4

27

28